In the Matter of MOLLY, INC., et al., Petitioners, v COUNTY OF ONONDAGA, Respondent. [769 NYS2d 766]—

Original proceeding pursuant to EDPL 207, commenced in this Court on July 7, 2003, to challenge the resolution of respondent to acquire certain real property.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this original proceeding pursuant to EDPL 207 to challenge the resolution of respondent to acquire a 2.4-acre parcel owned by petitioner Molly,

Inc. and operated as a parking lot by petitioner Murbro Parking, Inc. Contrary to the contention of petitioners, the proposed taking does not unconstitutionally limit their right to just compensation. We agree with respondent that the $2,100,000 figure in the resolution should be read as an offer of payment pursuant to EDPL 303 and that petitioners "may accept the offer as payment in full . . . or reject the offer as payment in full and elect to accept the offer as an advance payment, thereby reserving the right to claim additional compensation" (*ERA Realty v State of New York*, 281 AD2d 388, 388 [2001], *lv denied* 98 NY2d 603 [2002]).

Also contrary to petitioners' contention, the proposed taking is not in excess of what is necessary to effect the purported public purposes. The record supports respondent's determination that a suitable hotel developer would require the entire parcel, and thus respondent "made the required showing that the taking ' "is rationally related to a conceivable public purpose" ' " (*Matter of Ranauro v Town of Owasco*, 289 AD2d 1089, 1090 [2001], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 425 [1986]).

Finally, we reject the contention of petitioners that respondent's failure to prepare a supplemental environmental impact statement (EIS) violates article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]). Once an agency issues its final environmental impact statement (FEIS) for a given project, "[t]he SEQRA regulations . . . provide [in relevant part] that the 'lead agency *may require* a supplemental EIS, *limited to the specific significant adverse environmental impacts* not addressed or inadequately addressed in the EIS that arise from . . . a change in circumstances related to the project' " (*Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp.*, 291 AD2d 40, 52 [2001], *lv denied* 97 NY2d 613 [2002]). Because the original project proposal considered in the 1989 draft EIS and the FEIS included a hotel development, the determinative issue herein is whether environmental conditions relating to the hotel development changed since 1989 such that a supplemental EIS was required. The record establishes that respondent hired an engineering firm to review the 1989 studies and advise it on the need for a supplemental EIS. That firm's report to respondent concluded that conditions have not become worse since 1989 and may in fact have improved. We therefore conclude that respondent did not violate SEQRA in determining that a supplemental EIS was not required. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.